NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1741
_____

IRENE SHIPE

v.

HAVERFORD TOWNSHIP
_____

ROBERT LAWSON

v.

HAVERFORD TOWNSHIP

Robert Lawson and Irene Shipe,

                                        Appellants
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. Nos. 09-00719/00720)
Honorable R. Barclay Surrick, District Judge
_____

Submitted under Third Circuit LAR 34.1(a)
November 18, 2010

BEFORE: AMBRO, FISHER, and GREENBERG, Circuit Judges

(Filed: November 23, 2010)
_____

OPINION OF THE COURT
_____

GREENBERG, Circuit Judge.

This matter comes on before this Court on appeals of Irene Shipe and Robert Lawson from an order dated February 16, 2010, and entered February 17, 2010, accompanying the District Court's comprehensive opinion dated February 16, 2010, granting a motion for summary judgment of defendant-appellee, Haverford Township, in these Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq., and Pennsylvania Human Relations Act, 43 Pa. Stat. Ann. §§ 951 et seq. (West 1991), cases. The District Court had jurisdiction under 29 U.S.C. § 626 and 28 U.S.C. §§ 1331 and 1367, and we have jurisdiction under 28 U.S.C.§ 1291. We exercise plenary review of the order of the District Court, and thus can affirm only if there is no dispute of material fact and Haverford is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c)(2); Santos ex rel. Beato v. United States, 559 F.3d 189, 193 (3d Cir. 2009). In making our review, we recognize that even though many of the facts in these cases are germane to both appellants' appeals, their claims are separate and thus it would be possible for us to reach different results on the appeals.

We see no need to set forth the background of the cases at length because the District Court did so in its comprehensive opinion. We observe, however, that the Court decided the cases applying the burden shifting analysis that the Supreme Court set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817 (1973), rejecting Haverford's argument that Gross v. FBL Financial Services, Inc., 129 S.Ct. 2343 (2009), required the application of a somewhat different and more onerous approach for appellants to meet in these age discrimination cases. We see no need to consider this

point, as the parties have briefed the cases on this appeal under the principles of McDonnell Douglas and thus we consider the cases on that basis. We also note that, as the District Court observed, there is no difference in the analysis of their claims under federal and state law. See Conners v. Chrysler Fin. Corp., 160 F.3d 971, 972 (3d Cir. 1998).

Though appellants undoubtedly demonstrated in the District Court that they had established prima facie cases of age discrimination, it is equally clear that Haverford proffered legitimate reasons for their termination, i.e., a budget shortfall coupled with Haverford's belief that if appellants' positions were eliminated other Haverford employees could take over their duties. Consequently, the burden passed to appellants to offer evidence that Haverford's assertion that it terminated their employment for legitimate reasons actually was a pretext for discrimination.

Appellants simply did not meet that burden by presenting sufficient facts to require or permit the District Court to submit the issue to the jury. In this regard, after examining the parties' briefs, we have little to add to the Court's opinion. We merely note that even assuming that Haverford could have solved its financial problems without terminating appellants' employment, its obviously reasonable determination of how to address its problems should not be subject to second guessing by courts and juries. As we indicated in Gray v. York Newspapers, Inc., 957 F.2d 1070, 1082, 1083 (3d Cir. 1992), "[t]he ADEA must not be permitted to become a mechanism to inhibit ordinary managerial decisions" and "the ADEA is a discrimination statute and is not intended to handcuff the

3

management and owners of businesses to the status quo." Though Gray was not a public employment case, its principles are applicable here.

For the foregoing reason the order for summary judgment entered on February 17, 2010, will be affirmed.